## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11 Cases** |
|  | ) |  |
|  | ) | **Case No. 09-34022** |
|  | ) |  |
| **PERPETUA-BURR OAK** | ) |  |
| **HOLDINGS** |  |  |
| **OF ILLINOIS, L.L.C., et al.** | ) | **Hon. Pamela S. Hollis** |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) | **Adversary Proceeding Complaint** |
| **Debtors.** | ) |  |

_____

**ELNORA LOGAN, TANYA M. JOHNSON, CHANNELL T. MARTIN, TANISHA L. GLOVER, SHIRLEY JOHNSON, DALE THOMAS, JENNIFER MOORE, PEARLIE M. LINZY, REGINA M. THOMPSON, BRENDA V. LOVE, RUBY L. JEFFERS, MARILYN N. WILLIAMS-WEBSTER, CHRISTINE CAMPBELL, VERSTENE HARRIS-McMAHON, YOLANDA M. CHRISTIAN, SHALLIE FITZHUGH, ANTONIA BUCHANAN, SHIRLEY MADDEN, BETTY TYRUS, JANET M. STEWART;**


**Plaintiffs,**

**v.**

**PERPETUA, INC., PERPETUA – BURR OAK HOLDINGS OF ILLINOIS, LLC, dba CHICAGO BURR OAK CEMETERY, PERPETUA HOLDINGS OF ILLINOIS, INC., dba CEDAR PARK CEMETERY.**

**Defendants.**

_____

## ADVERSARY PROCEEDING COMPLAINT

Plaintiffs in the above-captioned listing, by and through their attorneys, Michael J. Dergo III of VanDerGinst Law, P.C., on information and belief, upon investigation of counsel, and pleading hypothetically and in the alternative, and for their Adversary Proceeding Complaint against Debtors, Perpetua, Inc. ("Perpetua"), Perpetua Holdings of Illinois, Inc., dba Cedar Park Cemetery ("Cedar Park") and Perpetua-Burr Oak Holdings of Illinois, L.L.C., dba Burr Oak Cemetery ("Burr Oak" and, collectively with Cedar Park and Perpetua, the "Debtors"), allege and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). This matter is properly brought as an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure ("FRBP") AND FRBP Rule 7001(6).

3. Venue lies in this Court because the claims brought in this Complaint arise under Title 11 and are asserted where the underlying bankruptcy case is pending and undecided. See 28 U.S.C. §1409(a).

## NATURE OF THE ACTION

4. This is a complaint to determine whether certain debts are dischargeable under Section 11 U.S.C. § 523(a)(6).

5. On or about June 4, 2009 the Cook County Sheriff's Office and other Illinois law enforcement agencies were made aware that bodies buried at Burr Oak Cemetary, 4400 West 127th Street, Alsip, Illinois, had been removed from their graves and, amongst other things, desecrated, discarded or reburied in other locations in and around the cemetery, in order to allow for other bodies to be buried atop them or in their plots.

6. Plaintiffs allege, aver and contend that the mishandling, desecration, and misuse of the bodies and grave sites in which their relatives are or were buried was and caused intentional and deliberate harm to Plaintiffs.  Because the debtors planned on causing the consequences of their actions or knew with a reasonable certainty that said consequences would occur the debts sought by Plaintiffs are due to the willful and malicious injuries inflicted upon them by debtors under 11 U.S.C. § 523(a)(6).

## COMMON ALLEGATIONS

7. Plaintiffs, by and through their attorneys undersigned, against all debtors, plead hypothetically and in the alternative and state the following common allegations.

8. During June and July 2009 and all time relevant hereto Burr Oak Cemetery was located in Cook County at 4400 West 127th Street, Alsip, Illinois. (hereinafter "cemetery"); its principal place of business was located at 2435 North Central

Expressway, Richardson, Texas 75080 and was commonly known as Chicago

Burr Oak Cemetery ("Burr Oak Cemetery") and was a licensee pursuant to the

Pre-Need Act, license number 016/150/03, the Car Act, license number

016/1248/01, and the IFBF Act, license number 016/1748/02, since on or about

June 27, 2001.

9.  During June and July 2009 and all times previously relevant defendant Perpetua

managed, controlled, owned, operated, maintained and/or possessed the cemetery;

it was organized under the laws of the state of Florida in 1998.

10. Perpetua owns all the capital stock of Cedar Park and Perpetua Holdings, Inc.

d/b/a Wade Funeral Home ("Wade") and hold all the common interests in Burr

Oak.  It provides administrative, managerial, and support services to Cedar Park,

Burr Oak and Wade.

11. During June and July 2009 and all times previously relevant defendant Burr Oak

managed, controlled, owned, operated, maintained and/or possessed the cemetery.

12. During June and July 2009 and all times previously relevant defendant Burr Oak

was an Illinois corporation in good standing.

13. During June and July 2009 and all times previously relevant defendant Cedar

Park, organized under the laws of the state of Illinois in 2004,  managed,

controlled, owned, operated, maintained and/or possessed the cemetery, as well as

the cemetery and funeral located at 12540 South Halstead, Calumet Park, Illinois.

14. During June and July 2009 and all times previously relevant defendant Cedar Park

was an Illinois corporation in good standing.

15. Burr Oak Cemetery consists of over 150 acres.

16. Annual burials at Burr Oak Cemetery approach 1,000 annually.

17. A study from the Cook County Sheriff's Police has indicated that approximately 140,000 to 147,000 are buried at Burr Oak Cemetery while the estimated number of graves that the property can properly hold is approximately 138,000.

18. Debtors employed Carolyn Towns as manager at Burr Oak Cemetery.

19. The debtors had fiduciary duties and responsibility at all times relevant hereto to operate the cemetery with due care and with regard to the dignity and respect of deceased and the relatives thereof as they would have for their own property and bodies of their own relatives.

20. During or near May 2009 a cemetery groundskeeper discovered skeletal remains in an area of the cemetery that was not, and had not been, used for burials; the Alsip police were notified.

21. On information and belief and at all times relevant hereto all Plaintiffs have relatives and/or next of kin who were buried at Burr Oak Cemetery.

22. On information and belief and at all times relevant hereto the graves of the relatives and/or next of kin of Plaintiffs were violated, disturbed, defiled, desecrated, removed, and /or improperly maintained.

23. An investigation revealed mismanagement and wrongdoing at Burr Oak Cemetery and the manager, Carolyn Towns, was terminated during May 2009.

24. On information and belief the debtors conspired and took part in executing a scheme during which they dug up graves and either moved the bodies to an unused

part of the cemetery or reburied the bodies deeper so that the graves could be resold.

25. At least 300 graves are approximated to have been so violated, disturbed, defiled, desecrated, removed, and /or improperly maintained as part of the conspiracy and scheme.

26. An employee and manager of debtors allegedly accepted cash payments for "new graves" which were in reality existing graves.

27. That employee/manager directed grave diggers to empty the existing graves and to move the remains to an unused area of the cemetery often in open air but sheltered from view by high grass and trees.

28. Grave diggers were also directed to stack burial vaults on top of older vaults in plots which allowed the plots to be double sold; it is undetermined how pervasive this practice was or its duration.

29. During and around July 2009 officials and employees discovered and unearthed mass graves of decomposed bodies that had been removed from paid single gravesites at the cemetery and reinterred together.

30. Cook County Sheriff Thomas J. Dart estimated that approximately 300 bodies had been disinterred, moved and then dumped into mass graves at the cemetery; he stated further that his estimate could increase as the investigation continued.

31. Investigators have found that burial plots were sold for cash payment after which gravediggers would dig up and existing grave, remove the body from that grave and dump it elsewhere in the cemetery in order to reuse the plot.

32. Investigators have found that on other occasions existing graves were dug up and the coffins within were pounded or dug deeper into the ground so that other coffins could be placed on top of them so that the plots would be used multiple times.

33. The Burr Oak management and employees dug graves and disposed of bodies in remote and secluded areas of the cemetery property in an effort to cover up their activities, including areas with tall grass and tress.

34. The Burr Oak management and employees used higher priced and accessible areas near walkways and entryways for resale and reuse of burial plots.

35. Cemetery records concerning its burial plots have been destroyed.

36. The price of burial plots range from one thousand to several thousands of dollars with additional costs into the thousands of dollars for items such as grave stones, markers, vaults, and caskets.

37. Plaintiffs are the direct relatives or next of kin of the deceased individuals interred at Burr Oak Cemetery.

38. Plaintiffs' and/or their relatives paid substantial sums of money for the burial plots, markers, caskets, serenity, caretaking, upkeep and security for the final and peaceful resting place of their deceased relatives and next of kin

39. Plaintiffs and/or their relatives agreements with debtors and their predecessors established that they were to be the sole and rightful possessors and owners of the burial plots in which they or their relatives were buried.

40. Plaintiffs and/or their relatives paid substantial sums of money for grave stones, grave markers and caskets for use with the burial plots.

41. Upon information and belief, debtors and their employees are alleged to have accepted cash payments from purchasers of cemetery goods and services and then desecrated previously sold and used gravesites in order to then inter new human remains from the aforementioned sales atop or in place of existing human remains in the burial plots thereby defrauding consumers of the cemetery's goods and services.

42. Burial records at Burr Oak Cemetery are allegedly incomplete and inaccurate in violation of paragraph (d) of Section 2a of the Care Act, Section 20(a) of the Pre-Need Act and Section 3 of the IFBF Act.

43. Debtors had a nondelegable duty as required by Illinois law to prevent these gravesites from desecrated and/or from the deceased being improperly interred or disinterred.

44. Debtors knew or should have known that the plaintiffs were the intended beneficiaries of their services and owed the plaintiffs a duty of care to maintain the gravesites in a manner required by law and otherwise.

45. Notwithstanding the foregoing, and upon information and belief, the debtors breached their duty to the plaintiffs in one or more of the following ways and by committing one or more of the following acts or omissions and in the subsequent ways and:

a.  Mutilated, stockpiled, "double stacked," and illegally and/or improperly disposed of human remains in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1 and other applicable statutes, laws and regulations;

b.  Illegally and/or improperly disinterred or removed human remains in violation of 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

c.  Resold desecrated and occupied gravesites to unsuspecting family members and consumers and to the public;

d.  Removed, moved, and/or desecrated headstones marking and memorializing specific decedents' final resting places in violation of 765 ILCS 835/1 and other applicable statutes, laws and regulations;

e.  Interfered with Putative Class Plaintiffs and Class Members right to properly dispose of the remains of their beloved decedents;

f.  Improperly disposed of disinterred remains in violation of 410 ILCS 5/2, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

g.  Disturbed previously interred remains and failed to re-inter all of the remains, in violation of 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

h.  Failed to conduct burials and re-interments in compliance with industry and legal standards in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

i.  Failed to properly maintain the cemetery property in accordance with community standards and practices and neglected same such that section markers are missing, records are missing, misplace, destroyed or non-existent, plots and headstones are overgrown with grass and the cemetery is a hazardous zone of danger to all those who visit.

46. It was foreseeable to debtors that their acts and/or omission would be the proximate cause of injury, damage and expense to plaintiffs, economic and non-economic, physically and emotionally, to Plaintiffs.

47. As a direct and proximate cause of one or more of the aforementioned acts and/or omissions of the debtors, plaintiffs suffered and continue to suffer injuries of a personal and pecuniary nature, and plaintiffs have suffered and continue to suffer severe and extreme emotional distress.

48. The mishandling, desecration, and misuse of the bodies and grave sites in which the plaintiffs' relatives are and were buried constitutes the existence of a deliberate or intentional injury to the plaintiffs. As such, the debtors have either desired to cause the consequences of their actions, or believed with reasonable certainty that such consequences would occur. Accordingly, the debts herein sought to be

established by the plaintiffs constitute "willful and malicious" injuries as defined by Section 11 U.S.C. § 523(a)(6)

### Count I – Common Law Fraud

49. Plaintiffs incorporate, adopt and reallege paragraphs 1-45 as though fully set forth herein.

50. During and prior to June and July 2009 debtors undertook to provide funeral, burial, cemetery, and/or dispositional services for plaintiffs' benefit and debtors sought to accomplish and maintain the burial of plaintiffs' decedents' remains in what was to be their final and peaceful resting place.

51. At various times in and prior to June and July 2009 debtors represented and stated to plaintiffs that the burials and/or disposals of the remains of plaintiffs' decedents' remains would be accomplished in the manner that plaintiffs directed and purchased and in compliance with legal standards and industry practice.

52. Debtors' statements to plaintiffs were false and untrue because debtors omitted their true intentions to deceive plaintiffs and debtors failed to carry out the burials and/or disposals of the remains of plaintiffs' decedents in the manner that plaintiffs directed and purchased and in compliance with industry and legal standards.

53. Rather, the debtors engaged in or acquiesced to numerous abhorrent practices, including, but not limited to: 1) interring decedents' remains in grave sites occupied by other decedents' remains ("double stacking") ; 2) disrupting or removing the contents of grave sites; 3) improperly disposing of disinterred

remains; 4) selling occupied cemetery plots; 5) disturbing headstones; 6) disturbing previously interred remains; and 7) failing to or improperly reinterring remains or full remains.

54. The debtors' statements aforementioned were known by them to be false and untrue at the time that said statements were made.

55. The debtors' statements aforementioned were made with a purposeful intent by debtors to deceive and defraud plaintiffs and to induce plaintiffs to rely on those statements so that plaintiffs would procure burial plots and other services for themselves and or their decedents' remains.

56. Plaintiffs justifiably believed debtors' statements to be true and in reliance thereon plaintiffs were induced to choose and/or maintain Burr Oak Cemetery as the purported final and peaceful resting places for their decedents' remains.

57. Debtors, with the intention of deceiving plaintiffs, fraudulently committed the following acts and/or omissions, and /or failed to inform plaintiffs of the following acts and/or omissions:

    a. Mutilated, stockpiled, "double stacked," and illegally and/or improperly disposed of human remains in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1 and other applicable statutes, laws and regulations;

    b. Illegally and/or improperly disinterred or removed human remains in violation of 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

c.  Resold desecrated and occupied gravesites to unsuspecting family members and consumers and to the public;

d.  Removed, moved, and/or desecrated headstones marking and memorializing specific decedents' final resting places in violation of 765 ILCS 835/1 and other applicable statutes, laws and regulations;

e.  Interfered with Putative Class Plaintiffs and Class Members right to properly dispose of the remains of their beloved decedents;

f.  Improperly disposed of disinterred remains in violation of 410 ILCS 5/2, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

g.  Disturbed previously interred remains and failed to re-inter all of the remains, in violation of 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

h.  Failed to conduct burials and re-interments in compliance with industry and legal standards in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

i.  Failed to properly maintain the cemetery property in accordance with community standards and practices and neglected same such that section markers are missing, records are missing, misplace, destroyed or non-

existent, plots and headstones are overgrown with grass and the cemetery is a hazardous zone of danger to all those who visit.

58. As a direct and/or proximate result of one or more of these fraudulent acts and/or omissions of debtors, plaintiffs suffered and will continue to suffer injuries of a personal and pecuniary nature, including severe and extreme emotional distress.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A. Enter an order awarding plaintiffs damages on this Count;

B. Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C. Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D. For any such other or further relief as this Honorable Court deems proper and just.

### Count II – Consumer Fraud and Deceptive Business Practices (815 ILCS 505/1 et seq.)

59. Plaintiffs incorporate, adopt and reallege paragraphs 1-55 as though fully set forth herein.

60. Debtor's actions or practices with respect to the above referenced misrepresentations, concealments, and/or omissions constitute deceptive, fraudulent, and/or unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, et seq.).

61. The debtors were and at all time relevant hereto were engaged in trade and commerce in the state of Illinois.

62. The debtors practices included, but were not limited to, the advertising and selling of cemetery services that included: 1) opening and closing of graves and interment; 2) sale of burial plots; 3) cemetery care; 4) pre-need cemetery merchandise, services and spaces.

63. Debtors engaged in unfair or deceptive acts or practices that are declared unlawful pursuant to section 2 of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, in that, in the course of offering for sale, selling, and providing cemetery services and merchandise to plaintiffs, the debtors:

    a. Mutilated, stockpiled, "double stacked," and illegally and/or improperly disposed of human remains in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1 and other applicable statutes, laws and regulations;

    b. Illegally and/or improperly disinterred or removed human remains in violation of 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

    c. Resold desecrated and occupied gravesites to unsuspecting family members and consumers and to the public;

    d. Removed, moved, and/or desecrated headstones marking and memorializing specific decedents' final resting places in violation of 765 ILCS 835/1 and other applicable statutes, laws and regulations;

    e. Interfered with Putative Class Plaintiffs and Class Members right to properly dispose of the remains of their beloved decedents;

    f.  Improperly disposed of disinterred remains in violation of 410 ILCS 5/2, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

    g.  Disturbed previously interred remains and failed to re-inter all of the remains, in violation of 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

    h.  Failed to conduct burials and re-interments in compliance with industry and legal standards in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

    i.  Failed to properly maintain the cemetery property in accordance with community standards and practices and neglected same such that section markers are missing, records are missing, misplace, destroyed or non-existent, plots and headstones are overgrown with grass and the cemetery is a hazardous zone of danger to all those who visit.

64. Debtor's above referenced conduct violates the Consumer Fraud and Deceptive Business Practices Act and because of that violation and pursuant to the statute plaintiffs are entitled to recover reasonable attorneys' fees and punitive damages in an adequate amount so as to punish and deter conduct such as that of the debtors and penalize the conduct of the debtors.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A. Enter an order awarding plaintiffs damages on this Count;

B. Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C. Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D. For any such other or further relief as this Honorable Court deems proper and just.

## Count III - Conversion

65. Plaintiffs incorporate, adopt and reallege paragraphs 1-61 as though fully set forth herein.

66. During and around June and July 2009, and at all times relevant hereto, plaintiffs were the owners and had the right of possession to certain personal property located at the Burr Oak Cemetery located in Alsip, Illinois, including, but not limited to, plaintiffs' decedents' remains, caskets, headstones, burial markers, burial containers, and/or funds for maintenance.

67. Upon information and belief, prior to June and July 2009, debtors took and unlawfully converted the remains of plaintiffs' decedents for their own use and benefit by relocating said remains to mass graves containing the remains of at least 300 persons, thereby rendering identification and return of plaintiffs' decedents' remains to plaintiffs virtually impossible.

68. Upon information and belief, prior to June and July 2009, debtors took and unlawfully converted plaintiffs' caskets, headstones, burial markers, and/or burial

containers for their own use and benefit by relocating plaintiffs' caskets, headstones, burial markers, and/or burial containers to unknown locations and destroying and/or selling those properties.

69. Upon information and belief, prior to June and July 2009, debtors took and unlawfully converted plaintiffs' funds for maintenance of gravesites for their own use and benefit by using the funds for improper uses other than the caring for and maintenance of plaintiffs' decedents gravesites.

70. Debtors' failure to return the properties to plaintiffs was and is harassing and vexatious.

71. Debtors' taking and conversion of plaintiffs' properties was willful and malicious and done with a wanton disregard of plaintiffs' rights in that debtors knew that plaintiffs were the lawful owners of the property.

72. Debtors willfully and maliciously discarded, destroyed, and/or sold plaintiffs' property, preventing any chance at recovery.

73. Debtors willfully and maliciously discarded, destroyed, and/or sold plaintiffs' property, preventing any chance at recovery.

74. The market value of the properties subject to the alleged conversion is in excess of the jurisdictional amount and debtors' conduct has caused plaintiffs severe and emotional distress such that plaintiffs are entitled to reasonable attorneys' fees and punitive damages in a sum sufficient to punish and deter conduct such as that of the debtors and penalize the conduct of the debtors.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

## Count IV – Gross Negligence

75. Plaintiffs incorporate, adopt and reallege paragraphs 1-73 as though fully set forth herein.

76. At all times relevant hereto the debtors had statutory and common law duties to plaintiffs to utilize professional care in the burial, burial plot maintenance, handling, preparation, supervision, and cemetery operations of the Burr Oak Cemetery with respect to plaintiffs decedents and to them and to plaintiffs.

77. Debtors had an affirmative duty to ensure that the Burr Oak Cemetery premises would not be used in an unauthorized, improper, and unapproved manner, The debtors had an affirmative duty to operate the Burr Oak Cemetery in a manner consistent with the standard of care and due regard for the handling and disposition of dead bodies and burial sites as is customary and accepted practice within the industry.

78. These duties included, but are not limited to, an obligation to be in possession of such usual and customary records and knowledge that would allow the debtors to show and plaintiffs to verify that aforementioned proper handling and disposition did not create a situation where illegal, improper, and/or unauthorized operation could cause foreseeable injuries to plaintiffs.

79. Debtors, by and through their acts and omissions, failed to operate the cemetery in a manner consistent with the standard of care and due regard for the handling and disposition of dead bodies as is customary and accepted within the industry, and such acts and omissions were grossly negligent and/or reckless.

80. Debtors' conduct demonstrates complete lack of care and reckless disregard and great indifference as to the remains of plaintiffs' decedents, property, and property rights, and was willful, outrageous and malicious beyond all bounds of civilized human decency.

81. Debtors knew or should have known that their acts and/or omissions would proximately cause injury, damage, and expense to plaintiffs, economic and otherwise and physically and emotionally and the debtors' acts and/or omissions recklessly disregarded the severe emotional distress that would foreseeably emanate from such repulsive behavior.

82. As a direct and proximate cause of debtors' grossly negligent and/or reckless acts and/or omissions plaintiffs have suffered severe emotional distress, including, without limitation, loss of enjoyment of life, loss of right to grieving and mourning, horror, grief, guilt, shame, embarrassment, worry, anxiety, anger and

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

## <u>Count V – Intentional Infliction of Emotional Distress</u>

83. Plaintiffs incorporate, adopt and reallege paragraphs 1-81 as though fully set forth herein.

84. Debtors, upon information and belief, committed the following acts and/or omissions, and/or failed to inform plaintiffs of the following acts and/or omissions:

    a.  Mutilated, stockpiled, "double stacked," and illegally and/or improperly disposed of human remains in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1 and other applicable statutes, laws and regulations;

b.  Illegally and/or improperly disinterred or removed human remains in violation of 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

c.  Resold desecrated and occupied gravesites to unsuspecting family members and consumers and to the public;

d.  Removed, moved, and/or desecrated headstones marking and memorializing specific decedents' final resting places in violation of 765 ILCS 835/1 and other applicable statutes, laws and regulations;

e.  Interfered with Putative Class Plaintiffs and Class Members right to properly dispose of the remains of their beloved decedents;

f.  Improperly disposed of disinterred remains in violation of 410 ILCS 5/2, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

g.  Disturbed previously interred remains and failed to re-inter all of the remains, in violation of 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

h.  Failed to conduct burials and re-interments in compliance with industry and legal standards in violation of 720 ILCS 5/12-20.5, 410 ILCS 5/2, 760 ILCS 90/1, 765 ILCS 835/1, III. Admin. Code tit. 77, § 500.05 and other applicable statutes, laws and regulations;

i.  Failed to properly maintain the cemetery property in accordance with community standards and practices and neglected same such that section markers are missing, records are missing, misplace, destroyed or non-existent, plots and headstones are overgrown with grass and the cemetery is a hazardous zone of danger to all those who visit.

85. Debtors knew or should have known that the above acts and/or omissions, and/or failure to inform plaintiffs of the above acts and/or omissions, would have a substantial certainty of causing plaintiffs severe and extreme emotional distress.

86. Plaintiffs have suffered and continue to suffer severe and extreme emotional distress

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

## <u>Count VI – Tortious Interference with Plaintiffs' Next of Kin Rights</u>

87. Plaintiffs incorporate, adopt and reallege paragraphs 1-85 as though fully set forth herein.

88. The next of kin have a right to the possession of a decedent's remains in order to make appropriate disposition thereof by burial or otherwise.

89. Debtors's acts of destroying and damaging the remains of plaintiffs' decedents, removing any portion of the remains of the decedents, or desecrating the burial ground, constitutes knowing, reckless, willful, and wanton conduct that interfered with the rights of the plaintiffs, who as next of kin, have a right to possess and preserve the bodies of their respective decedents.

90. The acts of the debtors violated the Cemetery Protection Act, 765 ILCS 835, et seq., which prohibits: 1) the willful and knowing destruction and damage of the remains of a deceased human being; 2) the willful and knowing removal of any portion of the remains of a deceased human being; and 3) the willful and knowing obliteration or desecration of a burial ground where remains are buried.

91. Debtors knew or should have known that their acts and/or omissions would proximately cause injury, damage, and expense of plaintiffs, and debtors acted with reckless disregard for the severe emotional distress that was foreseeably and substantially certain to occur.

92. As a direct and proximate cause of the debtors's grossly negligent and/or reckless acts and/or omissions, plaintiffs have suffered severe emotional distress, all of which would not have occurred but for the acts and/or omissions of the debtors.

93. As a direct and proximate cause of the debtors' grossly negligent and/or reckless acts and/or omissions, plaintiffs have suffered severe emotional distress, including, but not limited to, loss of enjoyment of life, loss of right to grieving and mourning, horror, grief, shame, embarrassment, anger and depression, all of which would not have occurred but for the willful, reckless and/or gross negligence of debtors.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

## Count VI – Unjust Enrichment

94. Plaintiffs incorporate, adopt and reallege paragraphs 1-92 as though fully set forth herein.

95. At all times relevant hereto plaintiffs paid the debtors for cemetery and burial services, uses and products that were for the benefit and care of their decedents

96. Debtors failed to provide Plaintiffs the cemetery and burial services, uses and products that were for the benefit and care of their decedents, notwithstanding receipt of payment for the same.

97. Debtors retention of payments for cemetery and burial services, uses and products which were not properly provided to plaintiffs caused the debtors to be unjustly enriched by the amount of payments so received.

98. It would be unfair, unjust and inequitable to permit the debtors to retain payments received thereby

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

### Count VII – Negligent Infliction of Emotional Distress

99. Plaintiffs incorporate, adopt and reallege paragraphs 1-97 as though fully set forth herein.

100.    At all times relevant hereto, debtors had a statutory and common law duty to plaintiffs to utilize professional due care in the handling, preparation, burial, maintenance, supervision and cemetery operations of the Burr Oak Cemetery and decedents buried or entombed therein.

101.    Debtors had an affirmative duty to assure that the cemetery premises would not be used in an unauthorized and unapproved manner.

102.    Debtors had an affirmative duty to operate the cemetery in a manner consistent with the standard of care and with due regard for the handling, disposition and care of dead bodies and burial sites customary and accepted in the industry.

103.    Those duties included the obligation to be in possession of such usual and customary records and knowledge such as would enable the debtors to assure plaintiffs that such handling, disposition and care did not create a condition or

situation where illegal, improper or unauthorized operation could foreseeably cause psychic and physical injury to plaintiffs.

104.     Because a cemetery is a fixed physical location and is a place for burial of the dead and for the living to visit, it was both contemplated by and foreseeable to debtors that plaintiffs would visit their decedents' at the cemetery.

105.     Plaintiffs did visit their decedents' gravesites at the cemetery.

106.     The acts and omissions described herein have caused the cemetery to be physically hazardous due to the unearthed bones, potential biological contamination and other improper practices such that plaintiffs fell into a zone of danger during visits to the cemetery.

107.     Because of debtors acts and omissions described herein plaintiffs are now made to visit their decedents' gravesites at the cemetery in order to seek to determine if those sites have been disturbed, desecrated, removed or otherwise altered.

108.     Debtors' acts and omissions begat their failure to operate the cemetery in a manner consistent with the standard of care and with proper regard for the handling, disposition and care of dead bodies customary and accepted in the industry and thereby were negligent.

109.     Debtors knew or should have known that their acts and omissions as described herein would be the proximate cause of injury, damage and expense, both economic and non-economic, both physical and emotional, to plaintiffs and

the debtors acted with reckless disregard for the severe emotional distress that they could foresee such conduct was substantially certain to cause plaintiffs.

110.    As a direct and proximate result of the debtors' negligent acts of omission and commission plaintiffs suffered severe emotional distress, loss of enjoyment of life, loss of right to sepulture, stigma damages, loss of right to grieving and mourning, and have suffered contemporaneously physical injury or illness resulting from the emotional distress, including the aggravation of preexisting conditions, all of which would not have occurred to them, but for the negligence of the debtors.

111.    The severe emotional distress suffered by plaintiffs includes, but is not limited to, all exceedingly unpleasant mental reactions such as fright, horror, grief, guilt, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, depression and nausea.  Plaintiffs have incurred, and will continue to incur, medical and psychological expenses in an effort to become cured or relieved from the effects of their mental distress.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest, and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D. For any such other or further relief as this Honorable Court deems proper and just.

**Count VIII – Reckless/Grossly Negligent Infliction of Emotional Distress**

112.     Plaintiffs incorporate, adopt and reallege paragraphs 1-110 as though fully set forth herein.

113.     At all times relevant hereto, debtors had a statutory and common law duty to plaintiffs to utilize professional due care in the handling, preparation, burial, maintenance, supervision and cemetery operations of the Burr Oak Cemetery and decedents buried or entombed therein.

114.     Debtors had an affirmative duty to assure that the cemetery premises would not be used in an unauthorized and unapproved manner and to operate the cemetery in a manner consistent with the standard of care and with due regard for the handling, disposition and care of dead bodies and burial sites customary and accepted in the industry.

115.     Those duties included the obligation to be in possession of such usual and customary records and knowledge such as would enable the debtors to assure plaintiffs that such handling, disposition and care did not create a condition or situation where illegal, improper or unauthorized operation could foreseeably cause psychic and physical injury to plaintiffs.

116.     Debtors failed to operate the cemetery, via their acts and omissions, consistently with the standard of care and with proper regard for the handling,

disposition and care of dead bodies and burial sites customary and accepted in the industry and were grossly negligent and/or reckless in those regards.

117.     Debtors conduct demonstrates a complete lack of care or attention to duty and great indifference to the remains of plaintiffs' decedents and to plaintiffs' property and property rights and can be characterized as being outrageous or malicious and beyond all bounds of decency of civilized society.

118.     Debtors knew or should have known that their acts and omissions as described herein would be the proximate cause of injury, damage and expense, both economic and non-economic, both physical and emotional, to plaintiffs and the debtors acted with reckless disregard for the severe emotional distress that they could foresee such conduct was substantially certain to cause plaintiffs.

119.     As a direct and proximate result of the debtors' grossly negligent and/or reckless acts of omission and commission plaintiffs suffered severe emotional distress, loss of enjoyment of life, loss of right to sepulture, stigma damages, loss of right to grieving and mourning, and have suffered contemporaneously physical injury or illness resulting from the emotional distress, including the aggravation of preexisting conditions, all of which would not have occurred to them, but for the negligence of the debtors.

120.     The severe emotional distress suffered by plaintiffs includes, but is not limited to, all exceedingly unpleasant mental reactions such as fright, horror, grief, guilt, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, depression and nausea.  Plaintiffs have incurred, and will continue to

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.      Enter an order awarding plaintiffs damages on this Count;

B.      Enter an order awarding plaintiffs their costs, interest, and attorneys' fees;

C.      Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.      For any such other or further relief as this Honorable Court deems proper and just.

### Count IX – Tortious Interference with Dead Bodies/Abuse of a Corpse

121.      Plaintiffs incorporate, adopt and reallege paragraphs 1-119 as though fully set forth herein.

122.      The next of kin have a right to the possession of a decedent's remains in order to make appropriate disposition thereof, whether by burial or otherwise.

123.      Debtors' conduct of destroying and damaging the remains of plaintiffs decedents by removing any portion of the remains of the decedents and in obliterating or desecrating a burial ground where remains are buried, or a grave, crypt, vault, mausoleum, or other repository of human remains was reckless, willful and wanton and knowingly interfered with the right of plaintiffs who are next of kin to possess and preserve the bodies of their respective decedents.

124.     The actions of debtors violated the Cemetery Protection Act, 765 MCS 835/1(a) which prohibits the willful and knowing destruction and damage of the remains of a deceased human being, (a-5) which prohibits the willful and knowing removal of any portion of the remains of deceased human being, and 765 MCS 835/1(b)(1) which prohibits the willful and knowing obliteration or desecration of a burial ground where remains are buried, or a grave, crypt, vault, mausoleum, or other repository of human remains.

125.     The acts of the debtors otherwise constitute tortious conduct amounting to abuse of a corpse.

126.     That abuse, as described herein, constitutes an intentional or reckless interference with the possessory rights each plaintiff has to the decedents' remains.

127.     Debtors knew or should have known that their acts and omissions as described herein would be the proximate cause of injury, damage and expense, both economic and non-economic, both physical and emotional, to plaintiffs and the debtors acted with reckless disregard for the severe emotional distress that they could foresee such conduct was substantially certain to cause.

128.     As a direct and proximate result of the debtors negligent acts and omissions the plaintiffs have suffered severe emotional distress, loss of enjoyment of life, loss of right to sepulture, stigma damages, loss of right to grieving and mourning, and have suffered contemporaneously physical injury or illness resulting from the emotional distress, including the aggravation of preexisting conditions, all of which would not have occurred to them, but for the negligence of the debtors.

129.     The severe emotional distress suffered by plaintiffs includes, but is not limited to, all exceedingly unpleasant mental reactions such as fright, horror, grief, guilt, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, depression and nausea.  Plaintiffs have incurred, and will continue to incur, medical and psychological expenses in an effort to become cured or relieved from the effects of their mental distress.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;

B.  Enter an order awarding plaintiffs their costs, interest, and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to all amount owed by debtors to plaintiffs and for entry of judgment of nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

### Count X - Conspiracy

130.     Plaintiffs incorporate, adopt and reallege paragraphs 1-128 as though fully set forth herein.

131.     Debtors, as a combination of two or more persons, conspired together for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means.

132.     The unlawful purpose of the conspiracy was the violation of the sanctity of
the burial plots, headstones, grave markers and decedents remains for the purpose
of economic gain.

133.     Debtors as conspirators committed the overt acts previously described and
alleged herein in furtherance of the conspiracy, which overt acts were all tortious
or unlawful in nature.

**WHEREFORE**, based upon the foregoing, plaintiffs pray that this Honorable Court:

A.  Enter an order awarding plaintiffs damages on this Count;\

B.  Enter an order awarding plaintiffs their costs, interest, and attorneys' fees;

C.  Enter an order pursuant to 11 U.S.C. § 523 denying the debtors a discharge as to
all amount owed by debtors to plaintiffs and for entry of judgment of
nondischargeability in favor of plaintiffs;

D.  For any such other or further relief as this Honorable Court deems proper and just.

### Count XI – Negligent Hiring, Retention and Supervision

134.     Plaintiffs incorporate, adopt and reallege paragraphs 1-132 as though fully
set forth herein.

135.     Debtors had a duty to the general public and to plaintiffs specifically to use
ordinary care and attention in the selection of their agents and employees to whom
they expose its customers who are at their lowest point emotionally and are
looking to place their trust and faith in a trained cemetery professional to assist
them in getting through what may be the most difficult time in their life.

136.    Debtors breached their above stated duty by failing to properly investigate the credentials, training, and background of the Burr Oak Cemetery manager, Carolyn Towns; debtors additionally breached their above stated duty by continuing to retain manager Carolyn Towns; debtors additionally breached their above stated duty by failing to properly supervise Carolyn Towns.

137.    Debtors knew or should have known that their acts and omissions also described herein would be the proximate cause of injury, damage and expense, both economic and non-economic, both physical and emotional, to plaintiffs and the debtors acted with reckless disregard for the severe emotional distress that they could foresee such conduct was substantially certain to cause.

138.    As a direct and proximate result of the debtors negligent acts and omissions the plaintiffs have suffered severe emotional distress, loss of enjoyment of life, loss of right to sepulture, stigma damages, loss of right to grieving and mourning, and have suffered contemporaneously physical injury or illness resulting from the emotional distress, including the aggravation of preexisting conditions, all of which would not have occurred to them, but for the negligence of the debtors.

139.    The severe emotional distress suffered by plaintiffs includes, but is not limited to, all exceedingly unpleasant mental reactions such as fright, horror, grief, guilt, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, depression and nausea.  Plaintiffs have incurred, and will continue to incur, medical and psychological expenses in an effort to become cured or relieved from the effects of their mental distress.

## Demand for Jury Trial

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

DATED:  February 2, 2010

Respectfully submitted,

_/s/           /MJD/_____
Michael J. Dergo III
**ATTORNEY FOR PLAINTIFFS**